**PERSONAL AUDIO LLC, Plaintiff,**

v.

**GOOGLE, INC., Defendant.**

**CIVIL ACTION No. 1:15–cv–350**

United States District Court,
E.D. Texas, Beaumont Division.

Filed 01/12/2017

Signed 01/11/2017

William Morrison Parrish, Nicole E. Glauser, Stefanie Tina Scott, DiNovo Price Ellwanger & Hardy LLP, John David Saba, Jr., Wittliff Cutter Austin, PLLC, Austin, TX, Charles W. Goehringer, Jr., Germer PLLC, Beaumont, TX, Douglas Q. Hahn, Jared A. Veliz, Salil Bali, Stradling Yocca Carlson & Rauth PC, Newport Beach, CA, for Plaintiff.

Jeannine Y. Sano, Eric Alan Krause, White & Case, LLP, Palo Alto, CA, J. Thad Heartfield, The Heartfield Law Firm, Beaumont, TX, James P. Gagen, Jason Liang Xu, White & Case, Washington, DC, Leon Miniovich, White & Case, New York, NY, for Defendant.

## ORDER GRANTING MOTION TO LIFT STAY

Ron Clark, United States District Judge

Personal Audio LLC moves to lift the stay in this case (Dkt. # 27 (Motion); Dkt. # 29 (Reply)), and Defendant Google, Inc. has responded in opposition (Dkt. # 27 (Opp.); Dkt. # 30 (Sur-reply)). On November 3, 2015, this court stayed the case pending *inter partes* review ("IPR") of the patents-in-suit by the Patent Trial and Appeal Board ("PTAB") of the Patent and Trademark Office ("PTO"). The PTAB instituted IPR on certain claims and recently issued Final Written Decisions as to those claims, invalidating some and upholding others. PTAB has issued its Final Written Decisions, which both parties ad-

mit has simplified the issues in the case. Further delay would result in undue prejudice to Personal Audio. On balance, the factors to be considered favor lifting the stay in this case.

## I. Facts

United States Patent Nos. 6,199,076 and 7,509,178 share a common specification and are directed towards an audio program player that will play a sequence of audio program segments or files and will accept commands from the user to skip forward or backward in the sequence.

These patents have already been the subject of three *Markman* proceedings in this court involving other defendants.[1] In the case preceding this one, Personal Audio alleged that other defendants—but not Google—infringed the '076 and '178 Patents by selling audio players using a Google program, Google Play Music. *See, e.g., Personal Audio, LLC v. Acer Am. Corp.,* No. 1:14–cv–8, 2014 WL 221286 (E.D. Tex. Jan. 10, 2014) (Dkt. 128) (First Amended Complaint). According to Personal Audio in those related cases, Google Play Music played and controlled audio program files in a manner that infringed the patents. *See, e.g., id.* at ¶¶ 66–67. Google was not named as a party in the prior related suits.[2]

In the present case, Personal Audio filed a Complaint against Google on September 15, 2015, asserting infringement of the '076 and '178 Patents. Dkt. # 1. The Complaint states that "Google Play Music ... constitutes a material part of the inventions in the Asserted Patents and which, in combination with a hardware device, such as a smartphone or tablet, infringe the Asserted Patents." Dkt. # 1, at ¶ 48. Google has not responded to the Complaint. Personal Audio has also not yet asserted specific claims from the patents-in-suit in this case. Therefore, for the purpose of this analysis, the court must presume that all of the claims of both patents, specifically claims 1 through 17 of the '076 patent and claims 1 through 29 of the '178 patent, may be asserted in this case.

Two days after Personal Audio filed the Complaint against Google, the PTAB issued two decisions instituting IPR of certain claims of the patents-in-suit. *Lenovo (United States) Inc. v. Personal Audio, LLC,* No. IPR2015–845, 2015 WL 9599202 (P.T.A.B. Sept. 17, 2015) (Dkt. # 9–1) (Institution Decision 178)); *Lenovo (United States) Inc. v. Personal Audio, LLC,* No. IPR2015–845, 2015 WL 9599202 (P.T.A.B. Sept. 17, 2015) (Dkt. # 9–2 (Institution Decision 076)). Regarding the '076 patent, the PTAB instituted IPR proceedings as

---

1. *See Personal Audio, LLC v. Acer Am. Corp.,* No. 1:14–cv–8 (E.D. Tex. Apr. 23, 2015); *Personal Audio, LLC v. Samsung Elec. Co.,* No. 1:11–cv–432 (E.D. Tex. Nov. 11, 2012); *Personal Audio, LLC v. Apple, Inc.,* No. 9:09–cv–111, 2010 WL 8357391 (E.D. Tex. August 31, 2010).

2. To summarize the most recent prior related case and the asserted claims in those prior cases, the *Acer* parties originally requested construction of terms in claims 1–6 and 13–15 of the '076 Patent and claims 1–10, 13–17, and 28–29 of the '178 Patent. *Personal Audio, LLC v. Acer Am. Corp.,* No. 1:14–cv–8 (E.D. Tex. Feb. 13, 2015) (Dkt. # 192). On order of the court, the parties selected the ten most

significant terms requiring construction, all of which were contained in claims 1 and 14 of both patents and claim 4 of the '178 Patent. *Personal Audio, LLC v. Acer Am. Corp.,* No. 1:14–cv–8 (E.D. Tex. Apr. 14, 2015) (Dkt. # 209–2). In two other related cases involving *Personal Audio* before this court, terms from claims 1 and 14 of the '076 and '178 Patents were the subject of claim construction. *See Personal Audio, LLC v. Samsung Elec. Co.,* No. 1:11–cv–432 (E.D. Tex. Oct. 3, 2012) (Dkt. # 128) (Patent Rule 4–5(d) Claim Construction Chart); *Personal Audio, LLC v. Apple, Inc.,* No. 9:09–cv–111 (E.D. Tex. Dec. 21, 2010) (Dkt. # 258 (Order Construing Claim Terms) at 6).

to claims 1–4, 14, and 15 but denied institution as to claims 5 and 6. Dkt. # 9–1 at 37. Regarding the '178 patent, the PTAB instituted as to all claims that were challenged by the petitioners, claims 1–9, 13–17, 28, and 29. Dkt. # 9–1 at 19–20.

On September 29, 2015, Google moved to stay this case pending the IPR of the patents-in-suit. Dkt. # 9. On November 3, 2015, the court granted Google's Motion to Stay and ordered the parties to submit status reports regarding the IPR proceedings at regular intervals. Dkt. # 17. In its Order, the court noted that (1) the litigation was in its early stages but substantially advanced due to spill-over discovery from related cases; (2) the outcome of the IPR would simplify issues for trial; and (3) neither party, in part because Personal Audio delayed in filing suit, would be unduly prejudiced by the stay. Dkt. # 17.

On September 1, 2016, the PTAB issued a Final Written Decision in the IPR case concerning the '076 patent, finding that (1) claims 1 and 4 were unpatentable and (2) claims 2, 3, 14, and 15 were not unpatentable. Dkt. # 23–1 (Ex. A to Parties' Joint Status Report) (Case No. PTAB–IPR2015–00845, Paper 42). On November 2, 2016, Google filed a notice of appeal to the Federal Circuit concerning those claims that were found to be not unpatentable. Case No. PTAB–IPR2015–00845, Paper 43. On November 3, 2016, Personal Audio filed a notice of appeal to the Federal Circuit concerning those claims that were found to be unpatentable. Case No. PTAB–IPR2015–00845, Paper 44. Both appeals are pending.

On September 9, 2016, the PTAB also issued a Final Written Decision in the IPR case concerning the '178 patent, finding that (1) claims 1–4, 9, and 13 were unpatentable and (2) claims 5–8, 14–17, 28 and 29 were not unpatentable. Dkt. # 23–2 (Ex. B to Parties' Joint Status Report) (Case No. PTAB–IPR2015–00846, Paper

42). On October 11, 2016, Google requested that the PTAB grant rehearing and reverse its decisions regarding those claims that it found to be not unpatentable. Case No. PTAB–IPR2015–00846, Paper 40. The request for rehearing is pending before the PTAB.

## II. Legal Standard

The decision of whether to extend a stay falls solely within the court's inherent power to control its docket. *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455, 2014 WL 4477400, *1 (E.D. Tex. Feb. 27, 2014). When deciding whether to lift an already-imposed stay pending IPR, the court considers the same three factors that were considered at the time that the stay was imposed: "(1) whether the stay will unduly prejudice the nonmoving party or present a clear tactical disadvantage to the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, *2 (E.D. Tex. Mar. 11, 2015); *see also Network–1 Sec. Sols., Inc. v. Alcatel–Lucent USA Inc.*, No. 6:11-cv-492, 2015 WL 11439060, *2 (E.D. Tex. Jan. 5, 2015) (applying same factors in lifting an already-imposed stay). A stay may be lifted "if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." *Network–1 Sec. Sols.*, 2015 WL 11439060 at *1 (internal citations omitted).

## III. Analysis

Personal Audio moves to lift the stay and requests that the case be reopened prior to resolution of appeals because the circumstances that led this court to stay the case have substantially changed, fur-

ther simplification will not occur, and extending the stay would unduly prejudice Personal Audio. Dkt. # 26 at 2. Google requests that the court keep the stay in place pending Federal Circuit review of the IPR decisions because according to Google, circumstances have not substantially changed since the court granted the stay and the appeals will affect claim construction and other issues in this case. Dkt. # 27 at 4. On balance, the factors to be considered weigh in favor of lifting the stay.

A. There is a substantial risk that Personal Audio will be unduly prejudiced by a continued stay.

■ The court previously found that, due to Personal Audio's twenty-month delay in filing suit against Google, the parties would not be unduly prejudiced by a stay. Dkt. # 17 at 3–4. However, the risk of undue prejudice to Personal Audio is greater now than it was at the time the stay was granted.

In deciding whether to lift or extend a stay pending IPR appeals, courts routinely review statistical research from the Federal Circuit to determine how a case may be delayed by staying a case through appeals of PTO or PTAB decisions. *See Smart Modular Techs., Inc. v. Netlist, Inc.*, 2016 WL 5159524, *2 (E.D. Cal. Sept. 20, 2016) (citing *Mean Disposition Time for Cases Terminated after Hearing or Submission*, available at http://www.cafc.uscourts.gov/ the-court-statistics); *see also Network–1*, 2015 WL 11439060 at *6 (same, citing statistics for 2014). According to the most recent data, in fiscal year 2016, the median time from filing to disposition at the Federal Circuit in cases appealed based on decisions from the Patent and Trademark Office was 11 months. *See Median Time to Disposition in Cases Terminated After Hearing or Submission*, available at http:// www.cafc.uscourts.gov/the-court/statistics (accessed Dec. 13, 2016).

Applying those statistics here, waiting on appeals poses a further delay of approximately 11 months—at a minimum. This is at a minimum because the parties have not yet even filed notices of appeal regarding the PTAB's decision on the '178 patent. Instead, Google has merely filed a request for rehearing. With regard to at least one of the two patents-in-suit then, the parties must therefore first wait on the PTAB's decision regarding rehearing before appealing. These indeterminate delays that the parties and the court would face if the stay continued weigh against continuing the stay.

■ Further, as other courts have found, the "pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee … continue to wait to enforce patent rights that it currently holds." *Zoll Med. Corp. v. Respironics, Inc.*, No. CV 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015). This court routinely upholds a plaintiff's interest in timely enforcement of its patent rights. *See Network–1*, 2015 WL 11439060 at *5 (collecting cases).

The thirteen-month stay, plus delay that will result from appeals, would unduly deprive Personal Audio of timely enforcement of its rights. The time limit on its patent continues to run. As a practical matter, the fact that a major corporation like Google evidently believes the patent is not enforceable creates a cloud over Plaintiff's ability to license its intellectual property.

Google argues that Personal Audio did not identify specific evidence that would become stale (Dkt. # 27 at 9) and reasons that because Personal Audio is using the same expert as it did in prior cases, there is no risk that the expert's knowledge will

become stale. Dkt. # 27 at 10. These arguments are unavailing. There is no requirement that Personal Audio allege specific instances of lost evidence. Life is uncertain; experts and lawyers change professions, retire, and. die. Google's arguments certainly do not outweigh the risk of prejudice that would result from indefinitely staying the case past the thirteen months that have already passed.

This factor weighs in favor of lifting the stay.

### B. The stage of the litigation favors lifting the stay.

It is undisputed that the stage of litigation remains unchanged since the stay was originally considered. Dkt. # 27 at 7. Though at first blush the stage of litigation appears early (indeed, Google has not yet responded to the Complaint and no trial date has been set), the court previously concluded that, because there was significant overlap between this relatively new case and prior related litigations, this factor actually weighed against granting a stay. Dkt. # 17 at 4–5.

The court's reasoning before and the conclusion reached there has not changed. The prior *Personal Audio* cases resulted in significant discovery related to Google Play Music and claim construction that have already streamlined this case. There is overlap in counsel, issues, and arguments between this case and prior cases, and the parties have already negotiated the preservation of certain evidence from prior litigations. Dkt. # 26 at 7. So, while, on paper, the early stage of the current litigation would typically weigh in favor of staying the case, such is not the case here. Though it remains to be seen what specific claims within the patents-in-suit that Personal Audio will assert, the fact that the parties have already undertaken extensive discovery in prior related cases and have

agreed to reuse that discovery actually favors lifting the stay.

### C. Further simplification from a continued stay is unlikely, and if the parties' appeals were to further streamline the issues, the court will adjust the ongoing litigation accordingly.

The parties agree that the IPR Final Written Decisions have already simplified the issues. Dkt. # 26 at 5–6; Dkt. # 27 at 6 (Google stating that "the stay has already simplified some of the issues in the case as anticipated."). In light of the Final Written Decisions, where the PTAB has already analyzed the evidence and articulated its decision after painstaking review, the purpose of the stay has already been fulfilled. In this situation, "the mere *possibility* (as opposed to "reasonable likelihood") that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight." *Network–1 Sec. Sols.*, 2015 WL 11439060 at *3 (emphasis in original). Further simplification is unlikely and, even if it were to occur, the court is not precluded from further streamlining the litigation in light of those future appellate decisions.

In the September 2016 decisions, the PTAB invalidated several of the claims that Personal Audio has previously asserted in related litigations (*see supra* note 2). Overall, the PTAB upheld the validity of 4 of the 6 claims instituted on IPR of the '076 patent and 10 of the 16 claims instituted on IPR of the '178 patent. The IPR process has therefore already simplified the proceedings in the present case. And, importantly, there are claims left for Personal Audio to assert.

Moreover, there are certain issues that were never instituted on IPR that this court will have to consider regardless of appeals—making the idea of further sim-

plification illusory. Because the PTAB denied instituting IPR on all of the claims of all of the patents, the ultimate kind of simplification—a complete resolution of the issues—is impossible here. This reality supports lifting the stay. *See Network–1,* 2015 WL 11439060 at *2 (lifting an already-imposed stay pending IPR because there were new claims that were not part of the IPR proceedings and therefore could not be invalidated by appeal). Google did not point to any reason why Personal Audio should be deprived of adjudication on these other claims, should Personal Audio choose to pursue them.

Further, the chance of simplifying the issues on appeal are slim. According to the most recent data from the Federal Circuit, between September 2015 and September 2016, the percentage of decisions that it reversed on appeal from the Patent & Trademark Office was a slim 7 percent. *Table B–8, U.S. Court of Appeals for the Federal Circuit—Appeals Filed, Terminated, and Pending during the Twelve–Month Period Ended September 30, 2016,* available at http://www.cafc.uscourts.gov/the-court/statistics. Applying the statistics here, it seems unlikely that Federal Circuit review will significantly change the landscape of this litigation.

Google argued for the first time in detail in its sur-reply that the stay should continue to allow for Federal Circuit guidance on claim construction, claiming that the Federal Circuit's disposition of a certain narrow issue, whether a single patent discloses the "skip backward" claim limitation, "has the potential to eliminate all of the instituted claims in both patents-in-suit." Dkt. # 30 at 5–6. However, waiting for the *possibility* that the Federal Circuit

may weigh in on a discrete claim construction issue, even if Federal Circuit guidance may be helpful in streamlining the litigation, does not justify an indeterminate stay.[3]

Even if the result of further appeals does affect the issues litigated here, "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *EMG Tech., LLC v. Apple, Inc.,* 2010 WL 10029483, *8–9 (E.D. Tex. Nov. 15, 2010). As such, this Order requires that the parties keep the court appraised of any case developments at the PTO, the Federal Circuit, or the Supreme Court that affect this case.

This factor weighs in favor of lifting the stay.

### IV. Conclusion

There is a substantial risk that Personal Audio will be unduly prejudiced if the court continues the stay. The parties have already completed substantial discovery in related litigations. Further simplification is unlikely given the PTAB's September 2016 Final Written Decisions. Accordingly, all three factors weigh in favor of lifting the stay in this case.

IT IS THEREFORE ORDERED that the stay pending the results of the *inter partes review* proceedings is LIFTED and Personal Audio's Opposed Motion to Lift the Stay (Dkt. # 26) is GRANTED.

IT IS FURTHER ORDERED that Google shall respond to the Complaint (Dkt. # 1) **no later than 21 days after this Order is docketed.** In the event that Google intends to file a Rule 12 motion prior to filing a responsive pleading, Rule

---

**3.** Even once the Federal Circuit reviews a case, it has been increasingly more common that it issues a one-line decision affirming the PTO's decision under Fed. R. Civ. P. 36. This occurrence and the increasing frequency of a case ending in a Rule 36 affirmance, once again, cuts against the argument that waiting on Federal Circuit weigh-in will further simplify the issues.

**630**

12(b) and the timeline designated under Rule 12(a)(4) control. After an answer is filed, the court will docket an order governing proceedings that sets future deadlines, including an initial case management conference that both parties will be required to attend.

IT IS FURTHER ORDERED that the parties shall update the court with the status of the PTAB rehearing and any appeals **every ninety (90) days**. The parties shall file a formal notice informing the court **within ten (10)** days of any final determination by the PTAB (on rehearing), the Federal Circuit (on appeal), or the Supreme Court (if applicable, on appeal).

**So Ordered and Signed**